The next case to be argued this morning is number 19-3565, Rodden v. Rosen. Counsel? Hello? Good morning, Your Honor. My name is Neal McElvoy. May it please the Court, and I appear in this matter for petitioner. Thank you. You may proceed. Thank you. Your Honor, there are two issues before the Court. The first issue is whether petitioner in this matter, Mr. Rodden, whether his conviction for a conspiracy to defraud the United States is a categorical match with an offense involving fraud or deceit under the INA for purposes of establishing an aggravated felony. And then the second issue is if it is a categorical match, whether there is a loss in excess of $10,000, which is further required to establish an aggravated felony. Now, in terms of the first issue, I don't think there's any dispute between the parties that the statute under which he was convicted, which is Title 18 of the U.S. Code, Section 371, is divisible into what are called the offense clause and the defraud clause, and that Mr. Rodden was convicted under the first of those clauses. It's known, again, this is well-trod, but it's known in this circuit as a client conspiracy, the offense for which he was convicted. There's a classic definition for that offense that derives from the Supreme Court decision in Hammersmith from almost 100 years ago in which the Court said that to conspire to defraud the United States, and I'm reading from the decision, means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful government functions by deceit, craft, or trickery, or at least by means that are dishonest. And the question here is obviously to determine whether an offense constitutes an aggravated felony, we employ a categorical approach. We look to the least of the conduct criminalized by the statute, and in this case, that would be dishonesty or dishonest means. The question then becomes whether dishonest means equates to or is a categorical match for fraud or deceit under the INA, and we would certainly argue that is not the case, and we would argue on, I suppose, two bases. Number one, there's 100 years of case law, which indicates quite clearly that a conviction under this particular statute stretches beyond fraud, stretches beyond deceit, and reaches dishonesty. Those cases, I think, fall broadly speaking into two categories, the first category being where there is deceit, where there's essentially a misrepresentation or a misstatement. The other kind of case, though, doesn't involve deceit. It doesn't involve misstatement. It involves some form of breach of trust owed to the government. Now, the number of the cases, and I think the main cases in this regard, they tend to involve leaks of information by government employees. So going back to Langwood Hammersmith, the other seminal case, which is the Haas case, that was a matter where an employee for the Department of Agriculture leaked information with regard to crop reports, and it was used, that information by others to speculate on the market. I think the classic case in the Second Circuit is the Peltz case that involved the SEC. Again, it was a leak of information. In both cases, you have dishonesty in the broad sense of the term, but what you don't have is misrepresentation or misstatement in the sense of deceit, and that is required for purposes of an aggravated felony. Now, certainly the government and petitioner are in agreement that in determining whether or not fraud or deceit is involved, those need not be formal elements of the offense. The question is whether the offense necessarily entails fraud or deceit, and here that's not the case. It necessarily involves dishonesty, but not deceit and certainly not fraud. Could you explain, please, why the broad definition that was adopted in Kawashima, that we're just talking about involving fraud or deceit, fraud or deceitful conduct, doesn't encompass dishonesty. Isn't dishonesty part of deceit? This suggested a lenient and flexible approach to understanding this part of the statute. Why isn't dishonesty encompassed within deceit? Well, I mean, in the Kashima case, the court adopted or referred to the definition of deceit from, I believe, Webster's Third International Dictionary, and the definition, I believe, is the act or process of deceiving as if by, or as by, I should say, falsification, concealment, or cheating. Now, in terms of the dictionary definition, and it's set forth in petitioner's papers, if you refer to the definition or the further explanation of deceit, it involves a misrepresentation or a misstatement, and it's distinguished from, certainly, there is a narrow meaning of dishonesty that equates with deceit, but there's also a broader meaning of dishonesty, and I think that the key in this case is to refer to what the, as it were, the least of the convictions have entailed. Okay, let me encourage you to move on to restitution, because I have difficulty understanding how this restitution order of over $12,000 is, whether there's any basis to believe that it is not tied to the offense of conviction. You need to show that, I mean, I think, I understand your argument to be that it's just not established that it could have been something else, and we don't really know what the sentencing judge had in mind in opposing that, but I have difficulty accepting that because of how the plea and the charges were framed. What else could it possibly have been connected to, the $2,700 difference? Right. Well, Your Honor, in the plea colloquy, it makes clear that the restitution in the case is to cover the tax years from 1997 to 2002 inclusive, so we're speaking about six tax years. Now, the offense of conviction only covers a portion of that time. It spans, the period in the information spans from July 1, 1997 until September 30, 1999, so we're talking about just over two years within the information, whereas as the plea colloquy makes clear, the restitution is to cover six tax years. But why couldn't the tax consequences from the offense of conviction have rippled through in some way that would have, I mean, otherwise the court wasn't really entitled, absent a clear basis of which there is none other, to impose a broader restitution amount. That's my understanding, and then you've got, what else, how else are we to have to understand the amount that was arrived at and not objected to? Well, Your Honor, I think the law is settled in this circuit that restitution in a criminal case can be imposed beyond the scope of the offense of conviction, and that restitution can be agreed upon between the defendant and the government in a plea agreement, and even if that amount extends beyond the offense of conviction, that it's appropriate for it to be ordered by the sentencing judge. I understand that, but can you point to anything in the record that is a separate basis for imposing restitution, a separate substantive basis? No, Your Honor, not in the record, and the record of the criminal proceedings is such that the total number at no point was broken down, meaning that the only part of the criminal record that indicates what it covers is the plea colloquy. There's nothing else within the criminal case record, whether it's the presentence report or the sentencing minutes. There's nothing whatsoever. It's a single figure. Judge LaValle here, your argument is based on the proposition that if the losses that were covered by the restitution award occurred as late as 2002, in 2001 and 2002, that means that they were not caused by his criminal conduct, which occurred only during 1997 through 1999. But it seems to me there's no logic whatsoever to that argument because all that's required is that the losses have been caused by the criminal conduct, and the losses don't necessarily occur when the criminal conduct occurs. They can very well occur. The losses can occur after the criminal conduct has occurred, so there's nothing about the fact that the restitution included losses realized up until 2002 or 2003. There's nothing incompatible about that with the proposition that those losses were caused by the crime that he pleaded guilty to, which occurred during 1997 through 1999. There's no incompatibility, no illogicality, no reason to think that those losses were attributable to anything other than his criminal conduct ending in 1999. Yes, I understand. You argue that further in response to that, that under Silkowski and the change in the restitution law, that it is possible for restitution to include sums that were not caused by the criminal conduct. And even assuming you were right about that, you just haven't shown that it occurred. Your Honor, I understand the point, and certainly if the question was decided on the basis that Petitioner had not carried his burden of proof as an evidentiary matter, I think that would be a difficult case to answer. But the problem here is that both the immigration judge and the Board of Immigration Appeals erred as a matter of law in that the immigration judge simply concluded that the restitution order is automatically tied to the offense of conviction. The Board of Immigration Appeals supplemented that reasoning and said that the immigration judge was entitled to, as it were, choose the restitutional order over the plea colloquia, as if they were competing items of evidence, and they're not. The error Petitioner would submit here is one of law, which is to conclude as a matter of law that a restitution order in a criminal case is automatically tied to the offense of conviction. And if it were a matter, an evidentiary matter, and it was a matter for Petitioner to carry his burden of proof, the point Your Honor has made would be very well made. And certainly they would present a, at least on the record before the Court, they would present a challenge. But that Petitioner would submit is not what happened in that case. So then what prevents us from deciding it on the grounds that you say would be a perfectly appropriate ground? That even if the BIA's reasoning was not entirely correct in all respects according to law, nonetheless, he failed in his burden of proof. And why isn't that sufficient reason for us to affirm, to deny the attack on the BIA's action? Your Honor, I would say because we don't have a, this Court doesn't have a finding of fact to review. I'm not talking about a finding of fact. I'm talking about a conclusion of law that he failed to sustain his burden. That he simply didn't put forth evidence that was capable of showing that the restitution award was for conduct other than his criminal conduct. Or for anything other than his criminal conduct. Well, I think, Your Honor, the issue would be that Petitioner below was not given that opportunity. Meaning that the immigration judge, as a matter of law, concluded that the restitution order sufficed. And that was the end of the matter. So there was no opportunity given to the Petitioner, as I indicated to Judge Kearney. It's not within the criminal record, but it is within the records of the IRS. And in that they were the, or it was the victim in this case who submitted an affidavit of loss with, as I already indicated, the total figure. But the breakdown is contained within their records. And Petitioner here was not given that opportunity to present that evidence. Because the immigration judge said that it didn't matter. In that we have a restitution order. We have a single-counted conviction. And that suffices. Thank you. Counsel, you have two minutes of rebuttal. Thank you, Your Honor. From the government. Thank you. Good morning. May it please the Court. William Minnick, representing the Respondent. The Board properly concluded that Petitioner's conviction for conspiracy to defraud the United States is an aggravated felony. Because it involves fraud or deceit. And Petitioner did not prove the loss to the IRS was less than $10,000. First, under Kawashima, an offense need not include fraud or deceit as an element. Instead, an offense involves fraud or deceit if it contains elements that necessarily entail fraudulent or deceitful conduct. Here the elements of Section 371 include that Petitioner conspired to obstruct a lawful function of the government by deceitful or dishonest means. Thus, fraudulent or deceitful conduct is inherent in the offense. Second, substantial evidence supports the Board's determination that Petitioner did not meet his burden to prove that the loss to the IRS was less than $10,000. Petitioner pled guilty to the sole fault. What do you say about Judge LaValle? What do you say about his argument that he was not given the opportunity to prove it because according to him, the IJ and subsequently affirmed by the BIA simply assumed that the restitution order had to reflect the losses caused by the criminal conduct and didn't give him the chance to make a showing that he wasn't? Your Honor, it was his burden of proof and he was able to submit the guilty plea transcript. He could have submitted the pre-sentence report or the plea agreement itself or a transcript of the sentencing hearing at that time. It was his burden of proof and he was certainly able to submit the evidence he wanted to submit. Also, I don't think he's ever raised the argument that he was unable to make his case before the immigration judge because he wasn't able to submit evidence. It was his burden of proof and he failed to submit the pre-sentence investigation report, the plea agreement, and the sentencing transcript. There's no indication that he was prevented from submitting any evidence to satisfy his burden of proof. Does the record reflect whether he... I mean, counsel was just saying that the relevant information is in the IRS records. Does the record reflect that he attempted to get those records and was rebuffed or wouldn't have had access to other relevant records? I mean, that's not addressed in the record, Your Honor. All we know is that he had the opportunity to submit evidence on the issue to satisfy his burden of proof and the only thing he submitted was the transcript of the guilty plea hearing. And as the applicant for relief, it was his burden to demonstrate by a preponderance of evidence that the loss was less than $10,000. The board reasoned that he pled guilty to the sole count of a one-count information. The judgment for that offense included a restitution order that provided that the total loss to the IRS was over $12,000 and ordered restitution in that amount. There were no dismissed counts. There were no acquitted counts. There was a single count and petitioner pled guilty to it. I think counsel was also arguing that this was a plea agreement under subsection C in which the court was bound to enter the amount and terms agreed to by the government and the petitioner without looking behind it. So, I think that's a good point. And the law in our circuit allows for unrelated conduct to provide the basis for a restitution order. And so, kind of insinuates that there could have been another basis that the government maybe had a separate count of conviction or a separate claim against him and they resolved on this figure. And it doesn't really reflect that it was related to the offense that he was pleading to. What's your response to that? Your Honor, here the plea agreement was not binding on the sentencing judge. And we know that because of the advisals that were given during the guilty plea. Rule 11 says that for the type of guilty plea or for the type of plea agreement that is binding on the court, the court may accept it, reject it, or defer until it has reviewed the pre-sentence report. And the guilty plea transcript here shows that the court didn't do any of those. The rule also says for the type of plea agreement that does not bind the court, the court must advise the defendant that he has no right to withdraw the plea if the court does not follow the prosecution's recommendation. And here the court made that advisal, record at 280. So, we know that the plea agreement in this case was a Rule 11 C1B type that did not bind the court. And in addition, the judge said that any prosecution recommendation for a downward departure from the guideline sentence would not bind the court, record at 280. He said the judge is not obligated to grant it, and that doesn't mean the judge has to agree with it. So, we know from what the guilty plea judge said and the advisals that he gave that the plea agreement here was not binding on the court. And that being the case, there's nothing in the record to prove that Petitioner was sentenced to make restitution to the extent agreed to by the parties in the plea agreement. And more fundamentally, the statement that he relies on, that you will be required to make restitution for tax losses caused by the conspiracy from 1997 to 2002, that sentence alone does not prove that the tax losses for the years 2000 to 2002 were not directly tied to the conspiracy to which he pled guilty. In other words, just because the conspiracy ended, that doesn't mean that the loss ended. Thank you. You have a few minutes left. Is there anything further you'd like the court to consider? No. Unless the court has additional questions, we'll ask the court to deny the petition. Thank you very much. We'll hear two minutes of rebuttal. Yes. Thank you, Your Honor. Let me just address briefly the point made by opposing counsel in terms of the plea colloquy. And certainly, in terms of whether it's a Type B or a Type C agreement as to restitution, the parts of the record to which opposing counsel points in terms of a recommendation are those concerning the sentence in the sense of whether it would be incarceration or, as ultimately happened, probation. That was simply a recommendation. That is a Type D provision in terms of the plea agreement. But in terms of the restitution, it wasn't a recommendation to the court that it imposed restitution for the six tax years in question. It was that this was agreed upon by the parties. And once the court accepted the plea agreement, it accepted that aspect of the agreement, which wasn't simply a recommendation. Another point I would make, and again, just so that I am clear with the court, opposing counsel has, I think, pointed to me in terms of my representation of petitioner and in terms of what evidence I did or didn't present. I just want to make clear to the court that I didn't represent the petitioner from the outset in this case. I only assumed representation at the point where the immigration judge had already decided as a matter of law that his conviction was an aggravated felony. And I assumed representation at the point of making a motion to reconsider. Now, the immigration judge's initial decision was the result of or it came from a motion by the government to deny petitioner the opportunity to apply for discretionary relief, again, as a matter of law. And that was decided in favor of the government. So, while I was not involved at that point in the case, my predecessor didn't have the opportunity at that point to present evidence with regard to the last amendment. Counsel, does the record reflect that he tried and was rebuffed? I don't believe so, Your Honor. I think what the... Okay. Yes. No, it doesn't, Your Honor. Okay. No. Thank you. Your time has expired. Do you want to just use one moment to wrap up? Yes, Your Honor. I'll wrap up very briefly. Certainly, and I think as reflected by this oral argument, the second issue is a close call. I don't believe the first issue is. I think, quite clearly, the offense of conviction does not necessarily involve fraud or deceit and thus is not categorical match to an aggravated felony under the INA. Thank you very much. We have the arguments and we will reserve decision. Thank you, Your Honor.